William H. STEINMETZ, Respondent,

v.

Dean A. SMITH, Appellant,

and

Donald Gunn, Jr., W. Munro Roberts, Jr., Judith C. Luepke, and Stephen S. Rinaberger, Co-defendants.

No. 43572

Missouri Court of Appeals, Eastern District, Division Three.

Feb. 10, 1981.

Douglas M. Brooks, Clayton, for appellant.

Richard Marshall, Clayton, for respondent.

CRIST, Presiding Judge.

On August 5, 1980, a primary election was held to elect the Democratic and Republican nominees for the office of member of the Missouri House of Representatives for the Ninety-first District. Appellant (hereinafter "Smith"), unopposed, was elected as the Democratic nominee. Respondent (hereinafter "Steinmetz"), also unopposed, was elected as the Republican nominee. On September 30, 1980, Steinmetz filed a petition seeking to prevent Smith's name from appearing on the No-

vember general election ballot. On October 15, 1980, the trial court entered a Decree of Prohibition finding that Smith was ineligible for the office he sought. Smith filed his Notice of Appeal on October 23, 1980. The general election was held without Smith's name appearing on the ballot. Steinmetz, the incumbent to the office of Representative for the Ninety-first District, was re-elected.

■ Smith, in his brief filed on December 29, 1980, alleges error in that the trial court was without subject matter jurisdiction, that Steinmetz did not prove Smith was not a qualified candidate and that Steinmetz was guilty of laches by his failure to challenge Smith's qualifications before the primary election. We find Smith's contentions to be moot in light of the fact that the general election has been held and Steinmetz duly elected.

■ Steinmetz's timely petition for a writ, to this Court, would have been an appropriate vehicle for challenging Smith's qualification as a candidate in the general election. See, *State ex rel. Gralike v. Walsh*, 483 S.W.2d 70, 74 (Mo. banc 1972). The trial court had jurisdiction to prevent the Board of Election Commissioners from placing the name of an unqualified candidate on the ballot. *State ex rel. Gralike v. Walsh, supra* at 74; *State ex rel. Burke v. Campbell*, 542 S.W.2d 355, 356 (Mo.App. 1976). Additionally, Smith was not a qualified candidate under § 21.080, RSMo. 1978 in that he was not a qualified voter for two years before the day of the election. *State ex rel. Socialist Workers' Party of Missouri v. Kirkpatrick*, 513 S.W.2d 346 (Mo. banc 1974). In any event, this appeal was rendered moot by Steinmetz's election in the general election. See *Mansur v. Morris*, 355 Mo. 424, 196 S.W.2d 287, 289 (Mo. banc 1946).

Judgment affirmed.

DOWD and REINHARD, JJ., concur.